JOHN BAGIN *vs.* JAMES W. CRAVEN. September 11, 1944. Exceptions overruled. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff as a result of the negligent operation of a motor vehicle by the defendant. A verdict was directed for the defendant upon the plaintiff's opening. The plaintiff excepted. There was no error. It was stated in the opening that the plaintiff was hanging on the rear of a bus, that when the bus slowed down the plaintiff alighted therefrom, and that he was struck and injured by an automobile that was travelling in the same direction as the bus. There were further

statements as to the circumstances of the accident. The automobile that struck the plaintiff was referred to in the opening as "the defendant's automobile." Even if this reference imported that the defendant was the owner of this automobile and if, as we need not decide, the facts stated warranted a finding that this automobile was being operated negligently, the facts stated were not sufficient to impose liability upon the defendant. Ownership of the automobile alone was not sufficient. No facts were stated showing that at the time of the accident the automobile was being operated or was under the control of the defendant or of a person for whose conduct the defendant was legally responsible. *Porcino* v. *De Stefano*, 243 Mass. 398, 400. *Vallavanti* v. *Armour & Co.* 260 Mass. 417, 418. There was no statement that the automobile was "registered in the name of the defendant as owner," constituting "prima facie evidence" under G. L. (Ter. Ed.) c. 231, § 85A, that the automobile "was then being operated by and under the control of a person for whose conduct the defendant was legally responsible." *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301.

H. J. *Dumas*, for the plaintiff.

M. *Rubin*, (J. C. *McDonald* with him,) for the defendant.