THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORVELL BOBBY FUNCHES, Defendant-Appellant.

Second District   No. 76-552

Opinion filed April 13, 1978.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

72

· Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant, Norvell Bobby Funches, was indicted on four counts of theft in the circuit court of Winnebago County. After a jury trial on one count, defendant was found guilty and sentenced to a term of three to nine years in the penitentiary. Defendant appeals.

The sole issue on appeal is whether the trial court erred in determining that evidence of defendant's other car thefts was admissible, over defendant's objection, because its probative value in establishing his intent and modus operandi outweighed its prejudicial effect on the jury.

Briefly summarized, the State's case consisted of the testimony of Richard D. Williams, who testified that his 1973 Mercury Capri was stolen in May 1974, while in the possession of his son in Harvey, Illinois. Edgar Foote testified that in June of 1974 he purchased Mr. Williams' Capri from the defendant in Rockford, Illinois. Detective Harold Hendrickson testified that when he arrested the defendant at the Cook County jail on May 6, 1975, the defendant, after being advised of his rights, made certain inculpatory statements concerning his role in a Chicago-to-Rockford theft ring in response to the officer's request for aid in recovering stolen cars in the Rockford area. Detective Hendrickson further stated that Mr. Williams' license plates and various metal cutting tools were found in defendant's garage. Lamont Jacobs testified at trial that he drove Mr. Williams' Capri from Chicago to Rockford at the defendant's request.

The defense's only witness, the defendant, denied making any incriminating statements to Detective Hendrickson and testified that Lamont Jacobs had testified against him in 1968 when he was arrested for theft. He also testified that the various tools and artifacts found in his garage were used on his own automobile and that other individuals, including Lamont Jacobs, had access to and the right to use his garage.

Prior to trial, defendant filed a motion in limine to bar the admission of evidence of other crimes. The trial court, after much argument, denied this motion because it found this evidence was pertinent to establish the defendant's specific intent and the absence of coincidence or chance.

The evidence defense objected to both prior to and during the trial was the testimony of: (1) seven persons whose automobiles had been stolen in Chicago between May and September of 1974; (2) four witnesses who had purchased automobiles from a person, whom they identified as the defendant, in Rockford during 1974, two of whom had purchased two cars from the defendant—all of these automobiles had been seized by the State Police because they were stolen; (3) Lamont Jacobs, who testified he

drove two of the above automobiles from Chicago to Rockford at defendant's request and how he had participated in an elaborate car theft ring with the defendant.

The defendant argues on appeal that this testimony was extremely prejudicial to his right to a fair trial. The State contends that the testimony of these witnesses was needed to establish that the defendant had the intent to commit theft when he sold the car of Richard D. Williams. The State also contends that this testimony is admissible because it establishes a definite *modus operandi* on the part of the defendant in other instances which is similar to the one used in this cause. The State contends that it had no other way of showing that the defendant had the intent to commit theft when he sold this car to Mr. Foote.

■■ The well-settled principles which govern the admissibility of evidence of other crimes were recently summarized by our supreme court in *People v. Romero* (1977), 66 Ill. 2d 325, 330, 362 N.E.2d 288, 290, wherein the court stated that:

> "The general rule is that evidence of offenses other than those for which a defendant is being tried is inadmissible. [Citation.] The underlying rationale is that such evidence 'is objectionable "not because it has no appreciable probative value, but because it has too much." [Citation.] The law distrusts the inference that because a man has committed other crimes he is more likely to have committed the current crime.' [Citation.] Despite this clear risk of prejudice in the admission of such evidence, there are certain well-established exceptions to the rule:
>
> > 'Evidence which tends to prove a fact in issue is admissible though it may be evidence showing that the accused has committed a crime other than the one for which he is being tried, and evidence which goes to show motive, intent, identity, absence of mistake or *modus operandi* is admissible though it may show the commission of a separate offense.' [Citation.]"

We believe the circumstances presented here are classic examples of prosecutorial overkill.

■■ We recognize that the trial court's determination as to the admissibility of evidence of other crimes will not be reversed unless it is clearly an abuse of sound judicial discretion. (*People v. Dumas* (1977), 49 Ill. App. 3d 756, 364 N.E.2d 616.) However, after a review of this record, we find the trial court committed reversible error and abused its discretion in admitting extensive evidence concerning the defendant's participation in *numerous* car thefts which, although relevant and material to establish the defendant's intent and *modus operandi*, was highly prejudicial against the defendant in the minds of the jury. (*People*

*v. Oliver* (1977), 50 Ill. App. 3d 665, 365 N.E.2d 618.) We further find that "[w]hat occurred here was violative of the notion of a fair trial" and "[t]he prejudice to the defendant was grave and inexcusable," because of the probable impact of this evidence on the jury. (*People v. Knippenberg* (1977), 66 Ill. 2d 276, 285, 362 N.E.2d 681, 685.) Therefore, it was reversible error for the trial court to allow the State to introduce the testimony of *seven* witnesses whose cars were stolen in Chicago, the testimony of *four* individuals who purchased cars in Rockford from the defendant—which cars subsequently turned out to be stolen, and the testimony of Lamont Jacobs concerning the defendant's important role in other Chicago-to-Rockford car thefts.

In reaching our decision, we note it is impossible to determine with certainty at which point the evidence of other car thefts became more prejudicial than probative in the eyes of the jury. It is also apparent to this court that some references to other similar car thefts would be permissible on remand to establish the defendant's requisite intent and *modus operandi* in this case. Each individual case differs on its facts, and no categorical number can be arrived at as an all-applicable generality. However, as here, when the State introduces evidence of at least *seven* other car·thefts, those offenses become more prejudicial than probative because the cumulative effect of the other crimes is highly prejudicial. No reasonable person could doubt that this prejudicial effect influenced the jury's verdict and deprived the defendant of a fair trial. *People v. Crotty* (1976), 44 Ill. App. 3d 413, 357 N.E.2d 1360.

We have considered the arguments and citations of the State and find them inapposite to the case at bar. None of the State's citations deals with the extent and number of other crimes presented against the defendant herein, who was on trial for only *one* car theft. While we acknowledge that reference to prior criminal acts does not require reversal in every circumstance (*People v. Henenberg* (1976), 37 Ill. App. 3d 464, 346 N.E.2d 11), the evidence of defendant's guilt produced at trial was not so overwhelming that the admission of evidence of numerous other crimes can be deemed harmless error beyond a reasonable doubt. (*People v. Gill* (1973), 54 Ill. 2d 357, 297 N.E.2d 135, *cert. denied* (1974), 414 U.S. 1144, 39 L. Ed. 2d 100, 94 S. Ct. 897.) Accordingly, defendant's conviction for theft is reversed and the cause is remanded for a new trial in accordance with the views expressed herein.

The judgment of the circuit court of Winnebago County is reversed, and the cause is.remanded for a new trial.

Reversed and remanded.

SEIDENFELD, P. J., and WOODWARD, J., concur.