THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL R. EMBRY, Defendant-Appellant.

Fourth District   No. 4—88—0230

Opinion filed December 15, 1988.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard E. Goff, State's Attorney, of Clinton (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion the court:

Defendant was convicted of child abduction in violation of section 10—5(b)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 10—5(b)(10)) and sentenced to two years' probation. Defendant appeals contending the child abduction statute creates an impermissible mandatory rebuttable presumption with respect to an element of the offense, namely intent, which requires reversal of his conviction. Alternatively, defendant argues he is entitled to a new trial because error was committed in the admission of evidence of other criminal conduct.

At defendant's bench trial the State offered evidence that the victim, a 12-year-old, seventh-grade female student, and a 13-year-old female companion were walking home from school on September 1, 1987. An automobile, driven by defendant, approached and stopped immediately adjacent to the area where the girls were walking. According to the girls, defendant stated: "Get in the damn car right now." Frightened, the girls ran from the car with one of them dropping a school folder as they fled.

The 12-year-old girl's parents each testified they had not given defendant consent to pick up their daughter in his automobile.

The State also presented evidence of an incident occurring four days earlier involving a 17-year-old female high school student. While walking home from school, defendant drove his car beside her and said: "Hey, baby, you want a ride?" The girl did not respond and continued walking. Defendant followed her in his car for a short distance before again addressing her with the remark: "I can really show you a good time."

In his defense, defendant admitted while driving home after work on September 1, 1987, he stopped and talked with the two grade school girls. He testified he saw one of the two girls drop a folder, drove up, honked his horn and said: "You just dropped something back there." When he repeated the statement because the girls did not understand what he was saying, they began running from him. Defendant then drove away, testifying he realized he must have frightened them. He denied he invited the girls into his automobile,

threatened them, or made the statement attributed to him by both girls.

In rebuttal, the companion of the victim testified the green folder was dropped only after the girls began running from defendant.

Defendant argues the child abduction statute violates due process by creating a mandatory rebuttable presumption that defendant's intent to entice the girls into his automobile was for other than a lawful purpose. That portion of the statute with which defendant was charged provides a person commits the offense of child abduction when he:

"Intentionally lures or attempts to lure a child under the age of 16 into a motor vehicle without the consent of the parent or lawful custodian of the child for other than a lawful purpose.

For the purposes of this subsection (b), paragraph (10), the luring or attempted luring of a child under the age of 16 into a motor vehicle without the consent of the parent or lawful custodian of the child shall be prima facie evidence of other than a lawful purpose." (Ill. Rev. Stat. 1987, ch. 38, par. 10—5(b)(10).)

Section 10—5(c)(4) of the same statute (Ill. Rev. Stat. 1987, ch. 38, par. 10—5(c)(4)) permits a defendant to assert an affirmative defense by establishing his conduct was for a lawful purpose.

Defendant correctly contends the State is obligated to prove defendant's intent was for "other than a lawful purpose." He argues the statute creates a mandatory presumption because the statute presumes one element of the offense (other than a lawful purpose) upon proof of a different element of the offense (without consent of the parent of the child). Defendant maintains the presumption impermissibly relieves the State from proving an element of the offense and shifts the burden to him to prove his lawful intent.

The supreme court has stated inferences and presumptions are a staple of our adversary system of fact finding. The value of these evidentiary devices and their validity under the due process clause vary from case to case, however, depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the fact finder's freedom to assess the evidence independently. (*County Court v. Allen* (1979), 442 U.S. 140, 156, 60 L. Ed. 2d 777, 791, 99 S. Ct. 2213, 2224.) When considering particular cases the issue is whether the statute or jury instructions drawn from it create mandatory presumptions or permissible inferences. In the case of mandatory presumptions, the fact finder must infer the presumed fact if the State proves certain predicate facts. If the mandatory presumption is conclusive

and irrebuttable, the presumed element is removed from the case once the State has proved the predicate facts giving rise to the presumption. A mandatory rebuttable presumption (which defendant argues the statute in this case establishes) does not remove the presumed element from the case, but nevertheless requires the fact finder to find the presumed element unless the defendant persuades the fact finder such a finding is unwarranted. In a criminal prosecution, both types of mandatory presumptions are unconstitutional since they relieve the State of its burden of proof beyond a reasonable doubt and violate the due process clause of the constitution by impermissibly shifting the burden of persuasion to the criminal defendant. *Francis v. Franklin* (1985), 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965; *People v. Bormet* (1986), 142 Ill. App. 3d 422, 491 N.E.2d 1281.

■ On the other hand, an entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof of the basic one and which places no burden of any kind on the defendant, is clearly permissible. In that situation the basic fact may constitute *prima facie* evidence of the elemental fact. When reviewing this type of evidentiary device, the Supreme Court has required the party challenging it to demonstrate its invalidity as applied to him. *County Court*, 442 U.S. at 157, 60 L. Ed. 2d at 792, 99 S. Ct. at 2224.

■ Long ago our supreme court, consistent with these principles, observed:

"The legislature cannot declare what shall be conclusive evidence [citation] nor what weight the court shall give to certain evidence, [citation] but it is clearly within the power of the legislature to prescribe that a fact shall be *prima facie* evidence of a certain other fact if it has a tendency to prove such other fact. [Citations.] *** Prima facie* means first view,—that is, as it first appears. A *prima facie* case is one which is apparently established by evidence adduced by the plaintiff in support of his case up to the time such evidence stands unexplained and uncontradicted. The words '*prima facie*,' when used to describe evidence, *ex vi termini* imply that such evidence may be rebutted by competent testimony. [Citation.] The term '*prima facie* evidence' implies evidence which may be rebutted and overcome, [citation] and simply means that in the absence of explanatory or contradictory evidence the finding shall be in accordance with the proof establishing the *prima facie* case. Such a rule does not change the burden of proof, for when all of the

evidence introduced in the case is submitted the case is to be determined upon the whole evidence." (*Morrison v. Flowers* (1923), 308 Ill. 189, 194-95, 139 N.E. 10, 12.)

Relying upon *County Court*, our supreme court has also stated where the inference is only permissive, that is where the fact finder is given the option of ignoring or relying upon the inference, the test for dealing with a permissive presumption is there must be a rational connection between the facts proved and the facts presumed. (*People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, *cert. denied* (1981), 454 U.S. 845, 70 L. Ed. 2d 131, 102 S. Ct. 160.) Accordingly, in *Housby*, the court held an inference of guilt may be drawn from the proved facts if (1) there is a rational connection between the inferred fact and the proved fact; (2) the inferred fact more likely than not flows from the proved fact; and (3) the inference is supported by corroborating evidence.

■ In the instant case, the child abduction statute creates nothing more than a permissible inference. The statute speaks in terms of *prima facie* evidence and there is no restraint on the trier of fact's ability to accept or reject the inference. Therefore, the validity of the permissive presumption rests on an evaluation of the presumption as applied to the particular defendant on the record before the court. *County Court*, 442 U.S. at 163, 60 L. Ed. 2d at 795, 99 S. Ct. at 2227.

■ We conclude defendant has not established any constitutional infirmity in his conviction. In the first instance, there is nothing of record which would support a claim the inference permitted by the statute was applied to defendant by the trial judge. The matter of presumptions and *prima facie* case were never mentioned during the bench trial, in closing arguments, or by the judge in reciting his findings of fact. To the contrary, the trial court relied on the specific content of defendant's statements to the girls in determining the State proved the requisite unlawful intent. The court did not resort to any statutory inference, permissible or otherwise. Therefore, defendant has not demonstrated due process was denied because the court relied upon evidence independent of that related to the statutory presumption to establish intent.

Moreover, assuming the inference was drawn, the record does not support defendant's argument it was applied impermissibly. Defendant does not contend there is no rational connection between the lack of parental consent and an inference of unlawful purpose. Defendant also does not deny the inferred unlawful intent more likely than not flows from proof of the lack of parental consent. Under *Housby*, the

question becomes whether independent corroborating evidence was presented to permit the trier of fact to infer unlawful intent. As we have indicated, there was.

The trial court relied upon two aspects of the evidence. The court stated it believed the girls and disbelieved the defendant. The court thus accepted the girls' testimony defendant made the statement directing them to enter his car and did so in such a manner to cause them to immediately flee from him in fear. The court also found the suggestive statements made to the high school student four days earlier constituted an incident sufficiently similar in nature, time, and context to qualify as evidence of *modus operandi* to establish unlawful intent.

Defendant contends, however, it was error to admit evidence of the prior incident involving the high school student to corroborate the victim's testimony. Defendant acknowledges evidence of other crimes may be admitted if the evidence tends to establish *modus operandi (People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821, *cert. denied* (1983), 464 U.S. 844, 78 L. Ed. 2d 136, 104 S. Ct. 145), but argues the rule requires the offenses must be so similar that evidence of one tends to prove the defendant guilty of the other charge. Defendant concludes that absent this evidence any conclusion as to his intent is speculation.

Here, the crimes were not identical, according to defendant, because defendant could not have been charged with child abduction of the high school girl because she was 17 years of age and it was not established defendant was convicted of disorderly conduct with which he was charged as a result of that incident. This argument is without merit. The victim's age, while relevant to the specific crime which could be charged, has absolutely no bearing on defendant's intent. Moreover, the State is not required to prove an actual conviction before other crimes evidence may be properly admitted. The State is only required to prove the crime, wrong, or act actually took place and defendant committed it. *People v. Scott* (1973), 13 Ill. App. 3d 620, 301 N.E.2d 118.

Defendant also argues his conduct was "too general" to support an inference of *modus operandi*. On the one hand, defendant states his conversation with the high school girl was spoken in "pleasant terms" while his statement to the two younger children was distinctly more sinister. The same degree of identity of the two offenses is not necessary when evidence of defendant's involvement in another offense is not offered to prove the commission of the crime charged, but is offered to prove the absence of an innocent frame of mind or the

presence of criminal intent. In such a case, mere general areas of similarity will suffice. If these general similarities are shown, evidence of the defendant's involvement in another offense may be shown to establish the necessary criminal intent of the defendant in the offense charged. (*McKibbins*, 96 Ill. 2d at 186, 449 N.E.2d at 825.) In this case, defendant's conduct toward the high school girl is probative of his mental state. Defendant's initial amorous remark to the high school student was rebuffed by silence. Yet, defendant continued to follow her and made another more suggestive remark. Defendant's statement to the two younger children, while more harsh, nevertheless was clearly improper and sought the same result; persuading the children to enter his automobile. Under the circumstances, defendant's claim the evidence was improperly admitted and proof of his purpose was speculative is without merit. (Compare *People v. Dewey* (1969), 42 Ill. 2d 148, 157, 246 N.E.2d 232, 237 (evidence defendant attempted to pick up girls of same age as homicide victim probative on issue of whether victim died by accidental or criminal means).) The trial court did not abuse its discretion in admitting the evidence. *People v. Funches* (1978), 59 Ill. App. 3d 71, 375 N.E.2d 135.

Accordingly, the judgment of the DeWitt County circuit court is affirmed.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.